PRATT *vs.* GRAPPE.

WESTERN DIST.
*Oct.* 1838.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE
PARISH OF NATCHITOCHES, THE JUDGE OF THE DISTRICT PRESIDING.

PRATT
*vs.*
GRAPPE.

A challenge to the array, on the ground that the jurors were irregularly drawn, will be disregarded, and the trial proceeded in, when it does not appear there was any *material* irregularity in drawing them.

The mere fact that the clerk, while writing down the list, requested the sheriff to draw the names of the jurors from the box, does not vitiate the array so as to set aside the panel.

This is a petitory action to recover seventy-three acres of land, purchased from the government of the United States. by one S. Bordelon, as evidenced by the receiver's certificate, dated 9th July, 1836, and by him conveyed to the plaintiff. He alleges, the defendant is in possession of a part of this land, and refuses to give it up. Wherefore he prays judgment, restoring to him such part as the defendant claims, together with two hundred dollars in damages and costs.

The defendant pleaded a general denial, and averred, that the land he is in possession of, he holds under his father's will, who derived title from the Spanish government, and confirmed by act of Congress ; but if he is dispossessed of any part, he is entitled to be paid for his improvements, which he avers are worth one thousand dollars.

On these issues and pleadings the cause was tried before the court and a jury.

On the trial of the case, the defendant's counsel challenged the array of the jury, on the ground that the names of the jurors summoned to this term, were irregularly drawn from the box, in this, that they were not drawn by the clerk of the court, as the law requires, and in support of the motion, annexed a copy of the list of jurors made out by the parish judge, &c., and also a copy of the *venire* and certificate thereto, of the jurors summoned for the present term of the court. To explain the latter, the plaintiff's counsel offered S. M. Hyams, Esq., clerk of the court, to testify as to the manner the jurors were drawn. He stated, that the sheriff put the names, certified in the list of the parish judge, on

separate tickets into the box ; and at his (clerk's) request, the sheriff drew the names of the jurors forming the *venire* from the box, in presence of him (clerk) and two magistrates, whilst one of the magistrates and himself wrote down their names. He says, he requested the sheriff to draw the names for him, in consequence of one of the magistrates desiring him to write down the names ; that he wrote faster than the magistrate. He considered it no difference whether he drew the tickets out with his own hand, or another for him in his presence. The court overruled the challenge to the array, and admitted the clerk to testify ; to both of which decisions of the court, the defendant's counsel took his bill of exceptions. The justices of the peace made the following certificate at the foot of the *venire :* "We, the undersigned magistrates, of the parish of Natchitoches, do hereby certify, that the above named jurors *were drawn in our presence*, at the town of Natchitoches, the 15th March, 1838." Signed by both.

On the evidence adduced by the parties, the jury returned a verdict for the plaintiff, giving him the land claimed. The defendant moved for a new trial, on the ground that the verdict was contrary to law and evidence, and that the jury which tried the case, was illegally and informally drawn. The motion was overruled, and from judgment confirming the verdict the defendant appealed.

*Sherburne* and *Campbell*, for the plaintiff.

*Barry, Bryce* and *Carr*, for the defendant.

*Martin, J.*, delivered the opinion of the court.

In this case the plaintiff sues for the recovery of a tract of land, which his vendor had purchased from the United States. The defendant sets up title, purporting to be derived from the Spanish government, and confirmed by an act of the congress of the United States. There was a verdict and judgment against him, and he appealed.

His counsel complains, that the District Court disregarded the challenge made by him to the array of the jury, on the

·ground that the jurors summoned, were irregularly drawn. In support of his challenge, a copy of the list of jurors made out by the parish judge and justices of the peace, from the persons subject to pay taxes, was produced ; and also a copy of the *venire* and certificate thereto, which was summoned ·for the term of the court.

The certificate of the two justices of the peace at the foot ·of the *venire*, attests, that the names of the jurors were drawn in their presence, without mentioning by whom. On this the plaintiff offered the clerk as a witness, who deposed, that he was requested by one of the magistrates to write down the names of the jurors as they were drawn, because he wrote with more facility ; that accordingly, he, the clerk, requested the sheriff who was then present, to draw for him the names of the jurors from the box, which was done, while the clerk and the other magistrates took down the names of the jurors as they were drawn.

To the admission of the clerk's testimony, and to the rejection of the challenge to the array, the defendant's counsel excepted.

It appears to us the testimony of the clerk was unnecessary. No irregularity in the drawing of the jurors was apparent on the face of the certificate offered, nor was any shown in any other manner. The magistrates certify that the jurors were drawn in their presence. If it was necessary that they should have added that the names were *drawn by the clerk*, it would have been equally so to add that they were drawn out of a box into which the sheriff had put the ballots containing the names of all the inhabitants of the parish, liable to pay taxes, according to a list furnished by the parish judge. The testimony of the clerk, if examined, shows that the jurors were properly drawn. 1 *Moreau's Digest*, 299, 622, *sec. 4, 5.*

A challenge to the array, on the ground that the jurors were irregularly drawn, will be disregarded, and the trial proceeded in, when it does not appear there was any *material* irregularity in drawing them. The mere fact that the clerk, while writing down the list, requested the sheriff to draw the names of the jurors from the box, does not vitiate the array so as to set aside the panel.

On the merits, the plaintiff has shown title to the land claimed, and nothing appears which authorizes us to disturb the verdict of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.